FILED
DEC - 6 2006

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

URMILA BANERJEE, )
Plaintiff, )
)
v. ) No.06-06-829 C
) (Judge ____________)
THE UNITED STATES, )
Defendant.)

**DISCHARGE REVIEW COMPLAINT**

Plaintiff makes the following complaint seeking relief from discharge status from the U.S. Army and an appeal from denial of relief from discharge status by the Army Board for the Correction of Military Records on 7 August 2003.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1491.

2. Plaintiff's claim for relief arises under the following money-mandating statute:

   a. 10 U.S.C. § 1201 ( disability retirement act);

3. Plaintiff's claim for relief also arises under the following procedural statutes:

   a. 5 U.S.C. § 701 et seq.( the Administrative Procedure Act);

   b. 28 U.S.C. § 1346 (Tucker Act)

   c. 28 U.S.C. §2201 and 2202 (Declaratory Judgments); and

   d. 10 U.S.C. §1552 .

4. Plaintiff has exhausted all administrative remedies before the Army Board for Correction of Military Records and all other relevant administrative review processes available to her.

5. Plaintiff files this complaint within six years of the date of the final decision of the Army Board for Correction of Military Records.

6. The military service records, Veterans Affairs Department records and other documents submitted to the Army Board for Correction of Military Records are included in Exhibit A, attached, incorporated by reference and made a part of this complaint.

**PARTIES**

7. Plaintiff, Urmila Banerjee, social security number and service number 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, (hereafter "Banerjee") is a citizen of the United States and served in the U.S. Army for more than 90 days beginning on 9 October 1990 and ending on 24 June 1991, as shown by copy of Form DD-214 (Separation from Service) (Exhibit A at 1).

8. The Hon. Francis J. Harvey is Secretary of the Army, and has held that position since 19 November 2004. The Secretary of the Army is a constitutional representative of the President of the United States and is charged with the control and administration of the United States Army until such time as the Senate confirms the Secretary of the Army.

9. Hon. Thomas E. White was Secretary of the United States Department of the Army, from

on or before 21 January 2001 until 25 April 2003. The Secretary of the Army is a constitutional representative of the President of the United States and is charged with the control and administration of the United States.

10. Hon. Les Brownlee served as Acting Secretary of the United States Department of the Army, from on or before 25 April 2003 to on or about 19 November 2004. The Secretary of the Army is a constitutional representative of the President of the United States and is charged with the control and administration of the United States.

11. At all times material to this claim, the following persons were agents, servants and employees of the United States Department of the Army:

a. Hon. Thomas E. White, Secretary of the United States Department of the Army, from on or before 21 January 2001 until 25 April 2003;

b. Hon. Les Brownlee, Acting Secretary of the United States Department of the Army, from on or before 25 April 2003 to on or about 19 November 2004;

c. The Hon. Francis J. Harvey, Secretary of the Army, from on or before 19 November 2004 to date;

d. Carl W.S. Chun. Director, Army Board for Correction of Military Records on or about from on or about 22 May 2000 to and including 7 August 2003;

e. Phyllis A. Carrington, Chief Analyst, Military Review Board, from on or about 22 May 2000 to and including 7 August 2003;

f. Gale W. Thomas, Analyst on or about 7 August 2003;

g. Arthur A. Omartian, Member of the Army Board for Correction of Military Records on or about 7 August 2003;

g. Thomas B. Redfern, III, Member of the Army Board for Correction of Military Records on or 7 August 2003;

h. Mae M. Bullock, Member of the Army Board for Correction of Military Records on or about 7 August 2003;

12. At all times material to this claim, the persons enumerated in paragraph (11) acted on behalf of the United States of America and on behalf of the Department of the Army as agents, servants and employees acting within the scope of their employment.

**ALLEGATIONS OF FACT**

13. Banerjee enlisted in the U.S. Army on 9 September 1990 for six years. ( Exhibit A at 1 )

14. Banerjee received basic training at Ft. Dix, NJ, from 9 October 1990 to 1 February 1991. (Exhibit A at 60)

15. Banerjee was transferred to Company B, 187th Medical Bn, Ft. Sam Houston, TX on 8 February 1991. (Exhibit A at 60)

16. On 15 March 1991,Banerjee was transferred to Company E, 187th Medical Bn. Ft. Sam Houston, TX, where she remained until she was separated from the U.S. Army on or about 24

June 1991. (Exhibit A at 2, 60)

17. On or about 17 May 1991, Banerjee received formal counseling from SSGT Wilson Torres due to "... poor attitude and motivation level in order to become a satisfactory soldier. (Exhibit A at 33)

18. On or about 22May 1991, Capt. Mark Willhite, MC USA, noted that Banerjee was counseled for poor attitude and performance. Willhite remarked: [I]t is my judgment that you will not develop sufficiently to participate satisfactorily in further training and/or become a satisfactory soldier. I am initiating action UP AR 635-200, Chaptr. 13 to separate you from the service prior to your normal ETS." (Exhibit A at 35)

19. On 14 June 1991, Capt. Willhite initiated proceedings for Administrative Separation from the Army pursuant to AR 635-200 for Banerjee, together with attached report of mental status and report of medical examination. (Exhibit A at 37-39)

20. On 14 June 1991 Capt. Willhite sent notice of intent to administratively separate Banerjee to Banerjee. (Exhibit A at 40-41)

21. On 14 June 1991, LTC James M. Wigger, Jr. issued his recommendation for administrative discharge. (Exhibit A at 42)

22. On 14 June 1991, Banerjee executed a memo waiving her right to a hearing before a Board of Officers, and to counsel of her choice. (Exhibit A at 43)

23. Banerjee was examined by Maj. Stephen B. Brannen MS on 28 May 1991. Brannen reported that "... There is no evidence of a mental disease or defect of psychiatric significance or of sufficient severity to warrant disposition through medical channels." (Exhibit A at 47)

24. On 30 May 1991, Banerjee received a pre-discharge physical examination. The examining physician checked Items 36 anbd 37 and described Banerjee's injuries as a stress fracture of the left foot and skeletal pain. (SF 88, Exhibit A at 45)

25. On 30 May 1991, Banerjee completed her report of medical history, indicating that she suffered from broken bones and high blood pressure. (SF 93, Exhibit A at 48-49)

26. Banerjee was discharged from the Army at Ft. Sam Houston, TX on 24 June 1991 with the rank of Specialist Fourth Class (E-4). (Exhibit A at 65)

27. When Banerjee enlisted in the Army, she was in good health.

28. While stationed at Ft. Sam Houston, TX, Banerjee suffered a stress fracture of the distal third metatarsal of the left foot and stress related changes of the tibia and left foot. (Exhibit A at 45, 46, 52)

29. From January 1991 through June 1991, Banerjee was repeatedly harassed by male soldiers who fondled her breasts. (Letter of Col. Hansa Raval, MC (Ret) of 27 August 1999, Exhibit A at 3)

30. Colonel Raval advised Banerjee to file sexual harassment charges. Major General Moore, base commander met with Banerjee in May 1991 prior to her administrative separation. ( Exhibit A at 3) No written record of this conference was retained in Banerjee's service records, nor were her sexual harassment complaints retained in her service records.

31. Colonel Raval noted that "[I]n the month of May and June, before her discharge, she [Banerjee] was extremely depressed, fearful, and in emotional turmoil." (Exhibit A at 3)

32. After discharge, Banerjee went home to Wilmington, DE, and was seen at Veterans Affairs Medical Center, Wilmington, DE on 23 July 1991 for pain in her left foot and both hips and knees (Exhibit A at 67-68)

33. On 25 July 1991, Banerjee was seen by Dr. F. Stross, M.D. a psychiatrist. She received an MMPI psychological test which yielded a profile for "a character disorder and depression." Doctor Stross prescribed antidepressant medication which Banerjee refused. (Exhibit A at 69)

34. On 2 August 1991, Banerjee returned to VA Medical Center, Wilmington, DE, for counseling by Anna Stanton, LSCW. She told Stanton that she was unable to hold a job in a gas

station and wanted to return to school. (Exhibit A at 72)

35. On 15 August 1991, Stanton saw Banerjee again. Banerjee complained of "headaches, 'stomach tension,' feelings of anger and depression fearfulness." Stanton referred her to Dr. Stross. (Exhibit A at 73)

36. On 23 August 1991, Dr. Stross diagnosed Banerjee's mental condition as "schizophrenic disorder, acute."

37. Banerjee told Dr. Stross during the 23 August 1991 session :

> Pt. then described having the feeling she is being watched and followed as well as hallucinating the presence of the Lt. from Texas who she says she is in love with, and thought that he sent her red roses a number of times while in Texas. Back there she thought they were implicating her could read her mind and that he was sending messages through her classmates. She described symptoms of feelings of influence would continue and erotomania with fantasies of having two boys and a girl by this lt while in Texas. She reported that what she felt was sexual harassment and ambivalence, being frightened by and at the same time wanting less sexual touchings and arousal that he was experiencing which led to her wanting to get discharged.
>
> (Exhibit A at 77)

38. Dr. Stross continued to treat Banerjee for acute schizophrenic disorder, paranoid type, from 23 August through 17 October 1991. Dr. Stross recommended she enter a mental hospital, but Banerjee refused to do so (Exhibit A at 78-80)

39. On 28 April 1992, Banerjee saw Dr. W. T. Hill at VA Medical Center, Wilmington,DE, for

her stress fractures and pain and made an appointment to see Dr. Garber, a podiatrist. (Exhibit A at 82-85)

40. On 6 May 1992, Banerjee saw Dr. Garber who diagnosed her condition as "pes planus, strain, r/o rhematoid dis r/o fibromyalgia." (Exhibit A at 86)

41. Banerjee next visited VA Medical Center Wilmington, DE, on 19 May 1995 complaining of pain in her hips, legs and feet. (Exhibit A at 88)

42. On 14 December 1995, she returned to VA Medical Center, Wilmington, DE, complaining of pain in her hips, legs and feet that developed while she was performing Indian dancing. (Exhibit A at 89-91)

43. On 2 May 1996, Banerjee reported for a compensation and pension examination for her stress fractures. Dr. Charles Mauriello made the following diagnoses:

1. chronic lumbar strain and sprain with chronic sprain left sacroiliac joint.
2. Bilateral trochanteric bursitis, more so on the left than the right hip with mild arthrofibrosis of both hips.
3. Pronation in both feet.

(Exhibit A at. 96-97)

44. On 29 April 1996, Banerjee was given a compensation & pension examination for her

mental condition by Dr. Leon Robinson. His Axis I diagnosis, after taking her history, was "Delusional disorder "X" with a global assessment of functioning of 50. (Exhibit A at 99-101)

45. On 15 October 1996, the Wilmington, Delaware, Regional Office issued a Rating Decision that granted 0% service-connection for Banerjee's stress fractures and denied service connection for her mental disorder. (Exhibit A at 109)

46. On 30 January 1998, Banerjee notified the Wilmington, Delaware, Regional Office that she wished to have an increase in her service-connected condition. (Exhibit A at 116)

47. On 16 June 1998, Banerjee filed a Statement in Support of Claim for an increase in disability for her feet, and for service connection for her schizophrenia. (Exhibit A at 123)

48. On 15 July 1998, Banerjee submitted an informal statement in support of claim that read as follows:

> I have been out of my body for seven years since the time my commanding officer pulled me out of my body. I have been sinking for the past seven years since the time I was in AIT in Texas.
>
> I have constant fever, diarhea, gas, severe anger outbursts, crying episodes, waking up with a start and sleeping for 12-18 hours a day. I am unable to concentrate and I have memory loss for the last seven years. Besides the pain and discomfort in my egs and hip joints, my left foot feels wobbly.
>
> I loose my balance under the shower and fall in the bathtub. I get fever after any kind of physical or mental stress even shouting or angry voices around me give me a fever.
>
> I have been fainting every day for the last three years. I keep becoming unconscious

and it feels like life is leaving my body.

(Exhibit A at 125)

49. On 16 June 1998, Banerjee saw Anna Stanton, LCSW, who referred Banerjee to Dr. Edward Zevin, staff psychiatrist for evaluation. Doctor Zevin saw Banerjee on 26 June 1998, noting that she had been under treatment at VA Medical Center, Roanoke, VA after being admitted to that medical center on complaint of depression, fever, fainting spells and other symptoms. Doctor Zevin assessed Banerjee's condition as schizophrenia. (Exhibit A at 137, 139)

50. On 9 July 1998, Banerjee received a compensation and pension examination from Dr. Robert Garber, D.P.M. for her feet. Doctor Garber gave Banerjee a diagnosis of possible residuals of a fracture of the left foot and pes planus. (Exhibit A at 132)

51. On 5 January 1999, the Wilmington,DE, Regional Office granted Banerjee non-service-connected disability pension benefits because it found that Banerjee was unable to follow a substantially gainful occupation due to schizophrenia. (Exhibit A at 154-55)

52. On 19 August 1999, Banerjee received a compensation and pension examination from Dr. Lawrence Elwood, Ph.D. for her mental condition. After reviewing Banerjee's service medical records and her VA medical records, Dr. Elwood made the following diagnoses

AXIS I: Schizophrenia, paranoid-type, chronic and severe.

AXIS II: No diagnosis

AXIS III: bilateral leg condition secondary to military service
AXIS IV: Stressors from both military service, as well as current psychosocial stressors.
AXIS V: Global assessment of functioning: 40
The veteran continues to be paranoid and occasionally experiences auditory hallucinations. She was married and divorced after only one year. She denies having any friends. She has held numerous jobs, but only for short periods since her military discharge in 1991. She is frequently fired because she is a slow worker, unable to satisfy job requirements, and intrapersonal difficulties. She is angry and frustrated and fearful of the future. Clearly she is able to obtain employment but it is doubtful in her present state that she will ever be able to sustain gainful employment. She was strongly encouraged to continue her psychiatric care through the MHC.

(Exhibit A at 203- 05)

53. After further review on 17 September 1999, the Wilmington, Delaware, Regional Office issued a rating decision granting 70% service-connection for paranoid schizophrenia, denying service-connection for stress changes to tibias and denying that new and material evidence had been submitted to re-open Banerjee's claim for left hip and femur injuries. (Exhibit A at 184-88)

54. On 31 January 2000, Banerjee filed a claim for 100% disability based on Total Disability Individualized Unemployability standards. ( Exhibit A at 285)

55. On24 May 2000, Banerjee filed her Form DD-149 to re-open her discharge for the purpose of assessing her fitness for military service as of date of discharge. (Exhibit A at 1 )

56. On 3 July 2000, the Wilmington Regional Office issued a Rating Decision finding Banerjee was 100% disabled under Total Disability Individualized Unemployability standards with an effective date of 16 June 1998. (Exhibit A at 284-89)

56. Banerjee disagreed with the assignment of an effective date of 16 June 1998, and perfected a formal appeal to the Board of Veterans Appeals. Due to family circumstances she was unable to schedule an in-person hearing prior to 10 May 2001. (Exhibit A at 290-92)

57. On 14 September 2000, Maj Donald G. Zugner, a Medical Staff Officer submitted a memorandum relating to an advisory opinion to the ABCMR, requesting "The Outpatient Military Medical Records" for Banerjee from Banerjee. ( Exhibit A at 260A)

58. Banerjee replied through counsel on 3 October 2000 stating that all service medical records had been submitted to the ABCMR with Banerjee's DD-149 Form. (Exhibit A at 260B)

59. On 1 March 2001 Rick A Schweigert, Chief Screening Team, replied to Banerjee's 3 October 2000 letter stating that "Ms Banerjee should ask the VA to give her copies of her Army medical records for review by the Army Board for Correction of Military Records." (Exhibit A at 260C)

60. On 20 February 2002, Banerjee had an in-person hearing before a Veterans Law Judge at the Board of Veterans Appeals, Washington, DC. Banerjee gave sworn testimony, as did her mother Bahrati Banerjee, and her sister Dr. Parmila Banerjee, MD, a neurologist, who gave expert opinion evidence in support of an effective date relating back to Banerjee's discharge from the U.S. Army. The judge deferred a decision.

60. On 19 August 2002, Banerjee, through counsel, advised Rick A. Schweigert that she had been hospitalized at the National Institute for Mental Health. Banerjee submitted medical records from the National Institute for Mental Health , the Social Security Administration, and the Department of Veterans Affairs showing her 100% disability rating for Total Disability Individualized Unemployability. (Exhibit A at 260d, 261-369)

61. The Veterans Law Judge failed to adjudicate Banerjee's appeal before 28 August 2003.

62. On 28 August 2003, the ABCMR issued its decision denying Banerjee's application to re-open her discharge. (Exhibit A at 371-75)

63. The decision did not refer to nor mention the following reports in the record:

a. National Institute of Mental Health Records submitted by Banerjee on 19 August 2002

b. Veterans Affairs Department Rating Decision awarding 100% disability submitted by Banerjee on 19 August 2002;

64. The decision did not refer to or explain why the entry of the diagnosis of acute schizophrenic disorder made by a Veterans Affairs psychologist on 23 August 1991 less than three months after Banerjee's discharge, failed to establish that Banerjee developed schizophrenia during her period of military service.

65. The following facts occurred after the ABCMR decision through no fault or neglect of

Banerjee that material affect the outcome of her case. The documents describing each event are incorporated by reference, marked "Exhibit B," and made a part of this complaint relying upon *Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983) and *Six v. United States*, 71 Fed. Cl. 671 (2006)

.

66. Because the Board of Veterans Appeals had procrastinated in deciding her appeal beyond the decision date of the ABCMR, Banerjee filed an extraordinary writ petition with the U.S. Court of Appeals for Veterans Claims on 8 October 2003, on the ground that the Board had engaged in undue delay in deciding her appeal. (Docket, Exhibit B at 1)

66. On November 2003, the Board of Veterans Appeals issued its decision remanding Banerjee's case to the Regional Office to determine if Banerjee had filed a claim within one year after her discharge. (BVA Decision, Exhibit B at 3-8 )

67. The U.S. Court of Appeals for Veterans Claims dismissed Banerjee's Extraordinary Writ petition as moot on 23 December 2003. (Docket, Exhibit at 1)

68. On 8 March 2005, the Wilmington, DE, Regional Office issued a Rating Decision finding that Banerjee was 100% disabled as of the day she was discharged from the U.S. Army. (Rating Decision dtd 8 Mar.2005, Exhibit B at 9-15)

69. On 12 September 2005, the Wilmington, DE, Regional Office issued a Rating Decision

modifying the 8 March 2005 Rating Decision by awarding 10% service-connection for residuals, stress fracture, left third metatarsal. (Exhibit B at 16-23)

70. On 30 August 2006, the Wilmington, DE, Regional Office further modified the 8 March 2005 Rating Decision by adding the diagnosis of trochanter bursitis of left hip, rated at 10% disabling. (Exhibit B at 24-32)

71. The ABCMR adopted a rule requiring that all petitions for reconsideration of its decisions must be filed within one year of the original decision, barring Banerjee from submitting the evidence in Exhibit B to the ABCMR. 32 C.F.R. § 581.3.

**COUNT I**

(28 U.S.C. §701 et seq., Administrative Procedure Act)

72. Plaintiff incorporates paragraphs 1 through 71 by reference in this Count of Complaint.

73. The Secretary of the Department of the Army and the Army Board for Correction of Military Records, acting under color of authority through an apparent delegation of authority to the Army Board for Correction of Military Records by the Secretary of the Army, arbitrarily and capriciously refused to re-open the discharge of Urmila Banerjee to permit an assessment of the degree of disability Banerjee suffered from on discharge from the U.S. Army and to consider the award of disability retirement pay or severance pay or other appropriate relief.

WHEREFORE, Plaintiff requests the Court review the decision of 7 August 2003 made by

the Army Board for Correction of Military Records, set the decision aside, award a change of discharge status to Plaintiff to permit Plaintiff to receive a Medical Discharge with appropriate disability assessment as of 24 June 1991 with an award of appropriate disability retirement pay or severance pay and, and for all other proper relief.

**COUNT II**

(28 U.S.C. §2201 and 2202 (Declaratory Judgments)

74. Plaintiff incorporates paragraphs 1 through 71 by reference in this Count of Complaint.

75. The Secretary of the Department of the Army and the Army Board for Correction of Military Records, acting under color of authority through an apparent delegation of authority to the Army Board for Correction of Military Records by the Secretary of the Army, arbitrarily and capriciously refused to re-open the discharge of Urmila Banerjee to permit an assessment of the degree of disability Banerjee suffered from on discharge from the U.S. Army and to consider the award of disability retirement pay or severance pay or other appropriate relief..

WHEREFORE, Plaintiff requests the Court issue a judgment declaring that the decision of 7 August 2003 made by the Army Board for Correction of Military Records was unlawful and void, arbitrary and capricious, set the decision aside, award a change of discharge status to Plaintiff to permit Plaintiff to receive a Medical Discharge with appropriate disability assessment as of 24 June 1991 with an award of appropriate disability retirement pay or severance pay and, and for all other proper relief.

**COUNT III**

(28 U.S.C. § 1346 (Tucker Act); 10 U.S.C. § 1201 et seq. ( Retired Pay Act)

76. Plaintiff incorporates paragraphs 1 through 71 by reference in this Count of Complaint.

77. The Secretary of the Department of the Army and the Army Board for Correction of Military Records, acting under color of authority through an apparent delegation of authority to the Army Board for Correction of Military Records by the Secretary of the Army, arbitrarily and capriciously refused to re-open the discharge of Urmila Banerjee to permit an assessment of the degree of disability Banerjee suffered from on discharge from the U.S. Army and to consider the award of disability retirement pay or severance pay or other appropriate relief.

77. Plaintiff is entitled to a judgment awarding her disability retirement pay from 24 June 1991 through 1 November 2006 at the rate of 50% of pay for enlisted grade E-4.

WHEREFORE, Plaintiff prays for judgment against the United States in the sum of $116,196.90, the costs of this action, and for all other appropriate relief, including equitable relief under Counts I and II of this Complaint..

DATED: 27 November 2006

Thomas J. Reed
Widener University School of Law/
Delaware Volunteer Legal Services, Inc.
Veterans Assistance Program
P.O. Box 7474
Wilmington, DE 19803
TEL: (302) 477-2070
FAX: (302) 477-2257
E-mail: tjreed@mail.widener.edu