SFMR-RBR - 1st End (07 Aug 03, Docket Number AR2002081272)
SUBJECT: ABCMR Memorandum of Consideration

HQDA, ABCMR, Arlington, Virginia 22202-4508 28 Aug 03

TO: US Army Review Boards Agency Support Division - St. Louis
ATTN: SFMR-RBR-SL, 9700 Page Avenue, St. Louis, Missouri 63132-5200

1. The application submitted by the individual concerned has been denied by the Army Board for Correction of Military Records.

2. Prior to closing out the case, please refer to any Note contained in the Determination portion of the Board's Memorandum of Consideration, and take such administrative action as may be contained therein.

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Encls

CF:
( ) Applicant
( ) OMPF
( ) Analyst

**DEPARTMENT OF THE ARMY**
**BOARD FOR CORRECTION OF MILITARY RECORDS**
**1941 JEFFERSON DAVIS HIGHWAY, 2ND FLOOR**
**ARLINGTON VA 22202-4508**

MEMORANDUM OF CONSIDERATION

IN THE CASE OF: BANERJEE, URMILA
[redacted]

BOARD DATE: 07 AUGUST 2003
DOCKET NUMBER: AR2002081272

I certify that hereinafter is recorded the record of consideration of the Army Board for Correction of Military Records in the case of the above-named individual.

| | |
|---|---|
| Mr. Carl W. S. Chun | Director |
| Ms. Gale J. Thomas | Analyst |

The following members, a quorum, were present:

| | |
|---|---|
| Mr. Arthur A. Omartian | Chairperson |
| Mr. Thomas B Redfern III | Member |
| Ms. Mae M. Bullock | Member |

The Board, established pursuant to authority contained in 10 U.S.C. 1552, convened at the call of the Chairperson on the above date. In accordance with Army Regulation 15-185, the application and the available military records pertinent to the corrective action requested were reviewed to determine whether to authorize a formal hearing, recommend that the records be corrected without a formal hearing, or to deny the application without a formal hearing if it is determined that insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice.

The applicant requests correction of military records as stated in the application to the Board and as restated herein.

The Board considered the following evidence:

Exhibit A - Application for correction of military records
Exhibit B - Military Personnel Records (including advisory opinion, if any)

APPLICANT REQUESTS: In effect, disability separation or retirement.

APPLICANT STATES: That she should have received a formal mental and physical examination prior to her separation, which she feels would have documented her mental and physical disabilities that existed prior to her discharge. She states that she was sexually harassed by members of her unit who were putting their hands on her, as well as an officer who had a sexual interest in her. She filed written complaints after some of the incidents, but does not remember anything happening. Because there was so much physical activity required during her classes she began to experience pains in her legs. At times she felt there were broken bones in her feet and legs and she was unable to run or walk. During a counseling with her commander and first sergeant she was told that she was not motivated enough to be a good soldier, and that she had a poor attitude. During a counseling session she informed her commander that she wanted to be released from the Army, and that her lack of motivation was due to the extended period of sexual harassment that was constantly bothering her. In support of her request she submits copies of her service records, the Department of Veterans Affairs rating decisions, her compensation and pension exam reports, a legal brief, her DD Form 214, and a statement of support from a retired Medical Corps officer.

COUNSEL CONTENDS: That the applicant suffered from severe mental disease due to her experiences of sexual harassment while in training and feels she was denied formal medical board evaluations. That the applicant's request to re-open her discharge for physical and mental evaluations is based on fundamental issues of injustice. The unwanted sexual harassment during the first months of 1991 resulted in her becoming mentally unstable, and when nothing she did made the harassment stop, she became traumatized. The applicant's decade of turmoil and despair were a direct result of her not being properly evaluated upon her discharge, and therefore it is requested that the Board review all enclosed documents to determine the extent and degree of disabilities she possessed at the time of her separation from the Army and provide appropriate relief.

EVIDENCE OF RECORD: The applicant's military records show:

The applicant enlisted in the Regular Army on 9 October 1990, for a period of 6 years. She completed basic training at Fort Dix, New Jersey, and was assigned to the Academy of Health Science, at Fort Sam Houston, Texas for advanced individual training in MOS (military occupational specialty) 91Q (Pharmacy Specialist). However, on 31 May 1991, she was relieved from class because of her pending separation.

On 17 May 1991, the applicant was counseled because her overall behavior was not in keeping with military standards. She displayed a poor attitude and a lack of motivation. The applicant was encouraged to improve her attitude and motivation level in order to become a successful soldier. The applicant stated that she did not want to remain in the Army and was requesting a discharge.

On 22 May 1991, she was counseled regarding her earlier request for discharge, and was informed by her commander that in his judgment she would not develop sufficiently to participate satisfactorily in further training and/or become a satisfactory soldier, and was initiating action to separate her from the service under the provisions of Army Regulation 635-200, chapter 13, prior to her normal ETS (expiration term of service).

On 28 May 1991, a Mental Status Evaluation cleared the applicant for separation, noting that there was no evidence of mental disease or defect of psychiatric significance or of sufficient severity to warrant disposition through medical channels, that the applicant's behavior was normal, she was fully oriented, her thinking process was clear, and her thought content was normal. In the opinion of the physician she was mentally responsible and had the capacity to understand and participate in the proceedings. The applicant also indicated her desire to be separated.

On 30 May 1991, a medical examination cleared the applicant for separation.

On 14 June 1991, the applicant's commander notified her that he was initiating action to separate her from the service, under the provisions of Army Regulation 635-200, chapter 13. He stated that the reason for his action was because she was unable and unwilling to adapt socially and emotionally to the military life-style.

After having been advised of her rights, the applicant authenticated a statement with her initials and signature in which she acknowledged notification of her commander's intent, declined the opportunity to consult with counsel, and elected not to submit statements in her own behalf. She indicated that she understood the ramifications of receiving a less than fully honorable discharge.

On 14 June 1991, the appropriate separation authority approved the applicant's discharge and issuance of an honorable discharge.

On 24 June 1991, the applicant was honorably discharged under the provisions of Army Regulation 635-200, chapter 13, for unsatisfactory performance. Her DD Form 214 (Certificate of Release or Discharge from Active Duty) indicates she had 8 months and 16 days of active service.

A statement of support from a retired Medical Corps officer states that the applicant was referred to him in January 1991, for moral support and counseling. He states that the applicant was a very intelligent Indian girl from a Brahmin caste in India, and that her moral and ethical standards and character were outstanding, that he was made aware of multiple sexual harassment incidents which went unanswered, and that prior to her separation she was extremely depressed, fearful and in emotional turmoil.

Subsequent to her discharge the Department of Veterans Affairs (VA) granted the applicant a 70 percent service connected disability for paranoid schizophrenia from 16 June 1998, and a 10 percent service connected disability for residuals of a stress fracture of the left third metatarsal, effective 1 July 1999.

Army Regulation 635-200 sets forth the basic authority for the separation of enlisted personnel. Chapter 13 contains the policy and outlines the procedures for separating individuals for unsatisfactory performance, and provides, in pertinent part, that commanders will separate a member under this chapter when, in the commander's judgment, the member will not develop sufficiently to participate satisfactorily in further training and/or become a satisfactory soldier.

Title 38, United States Code, sections 310 and 331, permits the VA to award compensation for a medical condition which was incurred in or aggravated by active military service. The VA, however, is not required by law to determine medical unfitness for further military service. The VA, in accordance with its own policies and regulations, awards compensation solely on the basis that a medical condition exists and that said medical condition reduces or impairs the social or industrial adaptability of the individual concerned. Consequently, due to the two concepts involved, an individual's medical condition, although not considered medically unfitting for military service at the time of processing for separation, discharge or retirement, may be sufficient to qualify the individual for VA benefits based on an evaluation by that agency. Furthermore, unlike the Army the VA can evaluate a veteran throughout his or her lifetime, adjusting the percentage of disability based upon that agency's examinations and findings.

<u>DISCUSSION</u>: Considering all the evidence, allegations, and information presented by the applicant, together with the evidence of record, applicable law and regulations, it is concluded:

1. A mental health evaluation, conducted on 28 May 1991, found the applicant fully alert and oriented, her memory good, and her thought process clear and normal. It determined the applicant was mentally responsible, able to distinguish right from wrong and to adhere to the right.

2. The applicant's administrative separation was accomplished in compliance with applicable regulations with no indication of procedural errors which would tend to jeopardize her rights. There is no evidence that the applicant ever raised the issue of sexual harassment to her chain of command as the reason for her inability to meet the performance expectations.

3. The evidence of record indicates she did not have any medically unfitting disability which required physical disability processing. Therefore, there is no basis for physical disability retirement or separation.

4. A rating action by the VA does not necessarily demonstrate any error or injustice by the Army. The VA, operating under its own policies and regulations, assigns disability ratings as it sees fit. Any rating action by the VA does not compel the Army to modify its reason or authority for separation.

5. In order to justify correction of a military record the applicant must show to the satisfaction of the Board, or it must otherwise satisfactorily appear, that the record is in error or unjust. The applicant has failed to submit evidence that would satisfy that requirement.

6. In view of the foregoing, there is no basis for granting the applicant's request.

DETERMINATION: The applicant has failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice.

BOARD VOTE:

______ ______ ______ GRANT

______ ______ ______ GRANT FORMAL HEARING

7WB 9BR [signature] DENY APPLICATION

[signature]
Carl W. S. Chun
Director, Army Board for Correction
of Military Records

APPLIC... UNDER THE ... (Please read ...

..........22836 BANERJEE, URMILA
SSN:..........[redacted]
MSN:..........
Doc Type:..........149
Receipt Date /Time.06/05/2000/04:04:06 PM
Edited By..........DANIED

Form Approved OMB No. 0704-0003 Expires Mar 31, 1996

Public reporting burden for this collect... for reviewing instructions, searching existing data sources, gathering and maintaining the data nee... ing this burden estimate or any other aspect of this collection of information, including suggestions f... s, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Ar... tion Project (0704-0003), Washington, DC 20503

PLEASE DO NOT RETURN YC... RN COMPLETED FORM TO THE APPROPRIATE ...DDRESS ON THE BACK OF ...

**PRIVACY ACT STATEMENT**

| | |
|---|---|
| AUTHORITY: | Title 10 US Code 1552, EO 9397 |
| PRINCIPAL PURPOSE: | To initiate an application for correction of military record. The form is used by Board members for review of pertinent information in making a determination of relief through correction of a military record. |
| ROUTINE USE(S): | None. |
| DISCLOSURE: | Voluntary; however, failure to provide identifying information may impede processing of this application. The request for Social Security number is strictly to assure proper identification of the individual and appropriate records. |

**1. APPLICANT DATA**

a. BRANCH OF SERVICE (X one): [ ] (1) ARMY [ ] (2) NAVY [ ] (3) AIR FORCE [ ] (4) MARINE CORPS [ ] (5) COAST GUARD

b. NAME (Last, First, Middle Initial) (Please print): BANERJEE, URMILA

c. PRESENT PAY GRADE: N/A

d. SERVICE NUMBER (If applicable): N/A

e. SSN: [redacted]

2. TYPE OF DISCHARGE (If by court-martial, state type of court.): Honorable

3. PRESENT STATUS, IF ANY, WITH RESPECT TO THE ARMED SERVICES (Active duty, Retired, Reserve, etc.): N/A

4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY: 24JUN91

5. ORGANIZATION AT TIME OF ALLEGED ERROR IN RECORD: CO E TRNE 187TH MED BN AHS HSC HS

6. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C. (No expense to the Government) (X one): [X] a. YES [ ] b. NO

7. COUNSEL (If any)

a. NAME (Last, First, Middle Initial): Reed, Thomas J.

b. ADDRESS (Street, Apartment Number, City, State and ZIP Code):
Veterans Assistance Program
Widener University School of Law
P.O. Box 7474, Wilmington, DE 19803

8. I REQUEST THE FOLLOWING CORRECTION OF ERROR OR INJUSTICE:

Qualification for disability pension/retirement

9. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST IN THE FOLLOWING PARTICULARS:

Due to my experience of sexual harassment in the Army and my subsequent discharge per Chapter 13, I believe I was due a formal Medical Review Board before being separated. The formal evaluation would have documented my mental and physical disabilities that existed at the time of my discharge

10. IN SUPPORT OF THIS APPLICATION I SUBMIT AS EVIDENCE THE FOLLOWING: (If Veterans Administration records are pertinent to your case, give Regional Office location and Claim Number.)

See attached service record and brief in support of review of discharge.

11. ALLEGED ERROR OR INJUSTICE

a. DATE OF DISCOVERY: October 98

b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THIS APPLICATION.

I was unaware of my rights to a formal medical review board at the time of my separation until I contacted the Veterans Assistance Program and Mr. Reed at Widener Univ. School of Law.

12. APPLICANT MUST SIGN IN ITEM 16. IF THE RECORD IN QUESTION IS THAT OF A DECEASED OR INCOMPETENT PERSON, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY APPLICATION. IF APPLICATION IS SIGNED BY OTHER THAN APPLICANT, INDICATE RELATIONSHIP OR STATUS BY MARKING APPROPRIATE BOX.

[ ] a. SPOUSE [ ] b. WIDOW [ ] c. WIDOWER [ ] d. NEXT OF KIN [ ] e. LEGAL REP [ ] f. OTHER (Specify)

13. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM. (U.S. Code, Title 18, Sec. 287, 1001, provides a penalty of not more than $10,000 fine or not more than 5 years imprisonment or both.)

14. COMPLETE CURRENT ADDRESS, INCLUDING ZIP CODE (Applicant should forward notification of all changes of address.): [redacted]

DOCUMENT NUMBER (Do not write in this space.): P-39695

15. DATE SIGNED: MAY 22, 2000

16. SIGNATURE (Applicant must sign here.): Urmila Banerjee

AR 2000042893

DD Form 149, AUG 93 — Previous editions are obsolete.



000006

**DEPARTMENT OF THE ARMY**
**BOARD FOR CORRECTION OF MILITARY RECORDS**
**1941 JEFFERSON DAVIS HIGHWAY, 2ND FLOOR**
**ARLINGTON VA 22202-4508**

28 August 2003

SFMR-RBR
BANERJEE, URMILA
[redacted]
AR2002081272

Ms. Urmila Banerjee
[redacted]

Dear Ms. Banerjee:

I regret to inform you that the Army Board for Correction of Military Records has denied your application.

The Board considered your application under procedures established by the Secretary of the Army. Enclosed is a copy of the Board's Memorandum of Consideration. This memorandum explains the Board's reasons for denying your application.

This decision is final. You may request reconsideration only if you can present newly discovered relevant evidence that was not available to the Board when it denied your application.

Sincerely,

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosure

Printed on Recycled Paper

APPLICATION FOR CORRECTION OF MILITARY RECORD UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552
(Please read instructions on reverse side BEFORE completing this application.)

Form Approved
OMB No. 0704-0003
Expires Mar 31, 1996

22836
42,700

BANERJEE, URMILA
SSN: [redacted]
MSN:
Doc Type: 149
Receipt Date /Time 06/05/2000/04:04:06 PM
Edited By DANIED

Public reporting burden for this collection of information ... for reviewing instructions, searching existing data sources, gathering and maintaining the data needed ... burden estimate or any other aspect of this collection of information, including suggestions ... Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Ar... Project (0704-0003), Washington, DC 20503.
PLEASE DO NOT RETURN YOUR ... RETURN COMPLETED FORM TO THE APPROPRIATE ADDRESS ON THE BACK OF ...

**PRIVACY ACT STATEMENT**

| | |
|---|---|
| AUTHORITY: | Title 10 US Code 1552, EO 9397 |
| PRINCIPAL PURPOSE: | To initiate an application for correction of military record. The form is used by Board members for review of pertinent information in making a determination of relief through correction of a military record. |
| ROUTINE USE(S): | None. |
| DISCLOSURE: | Voluntary, however, failure to provide identifying information may impede processing of this application. The request for Social Security number is strictly to assure proper identification of the individual and appropriate records. |

**1. APPLICANT DATA**

a. BRANCH OF SERVICE (X one) [ ] (1) ARMY [ ] (2) NAVY [ ] (3) AIR FORCE [ ] (4) MARINE CORPS [ ] (5) COAST GUARD

b. NAME (Last, First, Middle Initial) (Please print): BANERJEE, URMILA
c. PRESENT PAY GRADE: N/A
d. SERVICE NUMBER (If applicable): N/A
e. SSN: [redacted]

2. TYPE OF DISCHARGE (If by court-martial, state type of court.): Honorable

3. PRESENT STATUS, IF ANY, WITH RESPECT TO THE ARMED SERVICES (Active duty, Retired, Reserve, etc.): N/A

4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY: 24JUN91

5. ORGANIZATION AT TIME OF ALLEGED ERROR IN RECORD: CO E TRNE 187TH MED BN AHS HSC HS

6. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C. (No expense to the Government) (X one): [X] a. YES [ ] b. NO

7. COUNSEL (If any)
a. NAME (Last, First, Middle Initial): Reed, Thomas J.
b. ADDRESS (Street, Apartment Number, City, State and ZIP Code): Veterans Assistance Program, Widener University School of Law, P.O. Box 7474, Wilmington, DE 19803

8. I REQUEST THE FOLLOWING CORRECTION OF ERROR OR INJUSTICE:
Qualification for disability pension/retirement

9. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST IN THE FOLLOWING PARTICULARS:
Due to my experience of sexual harassment in the Army and my subsequent discharge per Chapter 13, I believe I was due a formal Medical Review Board before being separated. The formal evaluation would have documented my mental and physical disabilities that existed at the time of my discharge

10. IN SUPPORT OF THIS APPLICATION I SUBMIT AS EVIDENCE THE FOLLOWING: (If Veterans Administration records are pertinent to your case, give Regional Office location and Claim Number.)
See attached service record and brief in support of review of discharge.

11. ALLEGED ERROR OR INJUSTICE
a. DATE OF DISCOVERY: October 98
b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THIS APPLICATION.
I was unaware of my rights to a formal medical review board at the time of my separation until I contacted the Veterans Assistance Program and Mr. Reed at Widener Univ. School of Law.

12. APPLICANT MUST SIGN IN ITEM 16. IF THE RECORD IN QUESTION IS THAT OF A DECEASED OR INCOMPETENT PERSON, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY APPLICATION. IF APPLICATION IS SIGNED BY OTHER THAN APPLICANT, INDICATE RELATIONSHIP OR STATUS BY MARKING APPROPRIATE BOX.
[ ] a. SPOUSE [ ] b. WIDOW [ ] c. WIDOWER [ ] d. NEXT OF KIN [ ] e. LEGAL REP [ ] f. OTHER (Specify)

13. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM. (U.S. Code, Title 18, Sec. 287, 1001, provides a penalty of not more than $10,000 fine or not more than 5 years imprisonment or both.)

14. COMPLETE CURRENT ADDRESS, INCLUDING ZIP CODE (Applicant should forward notification of all changes of address.)
[redacted]

DOCUMENT NUMBER (Do not write in this space.)
P 39695
AR 2000042893

15. DATE SIGNED: MAY 22, 2000
16. SIGNATURE (Applicant must sign here.): Urmila Banerjee

DD Form 149, AUG 93 — Previous editions are obsolete.

**DEPARTMENT OF THE ARMY**
**BOARD FOR CORRECTION OF MILITARY RECORDS**
**1941 JEFFERSON DAVIS HIGHWAY, 2ND FLOOR**
**ARLINGTON VA 22202-4508**

28 August 2003

SFMR-RBR
BANERJEE, URMILA
[redacted]
AR2002081272

Ms. Urmila Banerjee
[redacted]

Dear Ms. Banerjee:

I regret to inform you that the Army Board for Correction of Military Records has denied your application.

The Board considered your application under procedures established by the Secretary of the Army. Enclosed is a copy of the Board's Memorandum of Consideration. This memorandum explains the Board's reasons for denying your application.

This decision is final. You may request reconsideration only if you can present newly discovered relevant evidence that was not available to the Board when it denied your application.

Sincerely,

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosure

Printed on Recycled Paper