Date: MAY 7,1996 Compensation and Pension Exam Report Page: 1
WILMINGTON, DE
** FINAL **
Processing time: 16
For MENTAL DISORDERS Exam

Name: CHATTERJEE,URMILA
SSN: [redacted]
C-Number:
DOB: [redacted]

Address: 45 GLENROCK DR

City,State,Zip+4:
CLAYMONT DELAWARE 19703

Res Phone: 3027982677
Bus Phone:

Entered active service: OCT 8,1990
Released active service: JUN 24,1991
Last rating exam date:

Priority of exam: Original SC

Examining provider: Leon Robinson, M.D.
Examined on: APR 29,1996

Examination results:

Urmila Chatterjee is a 30 year old separated Army vet who was born and reared in India. Her Army service time was 10/90 to 6/91. The vet was not clear about the kind of discharge she received other than that it was Honorable, perhaps with medical conditions. After the vet's basic training (  )Fort Dix, New Jersey, she was moved to Fort Sam Houston in Texas for pharmacy training. She never completed that training due to "multiple stress fractures in both legs". She says she couldn't tolerate the required levels of physical activity. Her treatment, she said, included receiving crutches, flat shoes and Motrin. She did not have any paperwork to substantiate this but indicated that these events occurred before she left the Army.

In addition to her physical problems, the vet says she was sexually harassed by men putting hands on her in the Army. She stated that she sent a written complaint to the commanding officer but, as far as she knows, nothing was done. Then, after a lengthy hesitation in her story, she described an incident where she said she felt an officer was displaying a sexual interest in her while not ever touching her. She referred to this as a "great shock for me and it was something that should never have happened". She stated that after this, she became disoriented, couldn't remember things and did not seem able to function.

Continued on next page
VA Form 2507

Name: CHATTERJEE,URMILA SSN: [redacted] C-number:
For MENTAL DISORDERS Exam

Exam Results Continued

The vet said she joined the Army in hope of gaining educational and health benefits. She had finished Delaware State College and had hopes of entering graduate school. She also cited a reason for joining the Army a desire to get away from over-protective parents. She felt her parents had a need to tell her everything she should be doing. She described her parents as Indians who were highly religious people and who believed that times were oppressive for her. She has two sisters and a brother. The two sisters are married. The patient describes her family as emotionally closed and as people who did not talk freely to each other. She indicated that she is fearful of confiding things about her personal life to other family members. The vet indicated that her mother probably would not listen if she was to attempt to discuss her personal problems with her. At the present time, she is living at home but hopes to be able, in the near future, to get her own apartment and to establish her independence away from home.

After her discharge, the vet said she didn't get any of the educational benefits she had hoped for when she joined the Army. She indicated that she has enrolled at West Chester University as a grad student in Psychology but has found it necessary to pay for her own tuition. She, at the present time, has some earnings by working for agencies that place people in temporary employment.

The vet states that she was married for a year in 1992 and 1993 but her husband found her cold and physically unresponsive and left her.

Complaints:

The vet complains that while she was in the Army the sexual harassment she experienced devastated her. While in the Army she became depressed and unable to function. These problems, she said, have continued at home, where she has had to spend many hours in bed. She says she has unexplained episodes of fever and diarrhea. She explained that she is irritable and has loud angry outbursts aimed at family members for no particular reason. There are also long crying spells without cause. She said that due to the stress fractures, she has had leg pain off and on and a feeling of numbness in her arms and legs. She recognizes that she is unable to trust anyone and fears her family might be putting something in her food. As a result, she won't eat anything prepared by anyone else and

Continued on next page

Name: CHATTERJEE,URMILA SSN: [redacted] C-number:
For MENTAL DISORDERS Exam

Exam Results Continued

is not able to eat out. She has lost thirty pounds of her usual weight. The vet says she has become so paranoid that she suspects that people around her are plotting to injure her. She also complained of memory loss and disorientation and at times feels as though she doesn't know where she is. She vigorously denied any history of hallucinations.

After her Army discharge, the patient states that she was referred to Wilmington VAMC, where they gave her a diagnosis of Schizophrenia and wanted her to take Thorazine, which she has refused. Currently the vet is not taking any medication. She was seen as an outpatient at Wilmington for several visits but is no longer being seen. She does not believe she is schizophrenic and for that reason does not require treatment for that diagnosis. She said that she hoped that the interview today would supply some support for her conviction that she should not be viewed as schizophrenic. The vet has never had a psychiatric hospital admission.

Mental Status: The vet presented on time for her C&P appointment. She is quite Indian in appearance and was attractively dressed in a color-matched loose-fitting shirt and pants. She wears glasses that give her a student or teacher's look. Initially, she seemed to be tense and perhaps untrusting of the interviewer and needing to intensely study him. At first her answers to questions were very brief and guarded, but as the interview progressed, she clearly became more relaxed and her responses were more open and personally revealing. She was fully oriented and her verbal responses were organized and relevant. She denied any history of hallucinations, but acknowledged a strong paranoia and the feeling that she is unable to trust anyone. She was quite open in giving examples of this kind of thinking. She is sure the paranoia is connected with her Army experience. The patient's mood was stable and not unusual in any obvious way. She, at times, applied the word depressed to herself, but her mood was at the time in no way depressive. Her mood was, in fact, light and confident. Her affect was variable and appropriate to the content of her verbalizations which were focused and coherent. Intellectually, she presented as sharp, knowledgeable and able to present her point of view in an effective manner. She does not seem to have the mood, affect and thought disturbances one would expect to see in schizophrenia.

DIAGNOSIS:

Continued on next page
VA Form 2507

Name: CHATTERJEE,URMILA SSN: [redacted] C-number:
For MENTAL DISORDERS Exam

Exam Results Continued

AXIS I: Delusional Disorder "X"
AXIS II: No Diagnosis
AXIS III: History of Multiple Stress Fractures in both legs
AXIS IV: Stressors- Failed Army Career, Failed Marriage, Poor Family Relationships
AXIS V: GAF- 50

The veteran is COMPETENT to manage her own finances.

This exam has been reviewed and approved by the examining provider.

VA Form 2507

Date: MAY 7,1996 Compensation and Pension Exam Report Page: 1

WILMINGTON, DE

** FINAL **

Processing time: 16

For BONES Exam

==========================================================================

Name: CHATTERJEE,URMILA

SSN: [redacted]
C-Number:
DOB:

Address: 45 GLENROCK DR

City,State,Zip+4:
CLAYMONT DELAWARE 19703

Res Phone: [redacted]
Bus Phone:

Entered active service: OCT 8,1990
Released active service: JUN 24,1991

Last rating exam date:

Priority of exam: Original SC

==========================================================================

Examining provider: CHARLES MAURIELLO, D.O.
Examined on: MAY 2,1996

==========================================================================

Examination results:

SEE JOINTS EXAM FOR REPORT

This exam has been reviewed and approved by the examining provider.

VA Form 2507

26 to 4-12 96

IE 7131 NEW REQUEST REPORT FOR 04/16/96 TO 04/16/96 * LONG VERSION *
FOR WILMINGTON, DE, DIVISION WILMINGTON VAMC

CHATTERJEE, URMILA

[redacted]
CLAIM NO:
ACTIVITY DATE: 03/12/96
REQUEST DATE: 04/16/96

Items Requested:

OPT TREATMENT REPORT (WILMINGTON VAMC): 8/91 TO PRESENT

Remarks:

ALL OPT AND/OR IN-PT TX RECORDS FROM 8/91 TO PRESENT

Requested by: JACK, JANET E. AT WILMINGTON

Done 4-18-96 BDC

NAME : CHATTERJEE,URMILA
SSN : [redacted]
AGE : 30
PHYSICIAN: MAURIELLO,CHARLES A
LAST EXAM: MAY 19,1995 17:05
EXAM DATE: MAY 2,1996 09:24
DIAG CODE: NORMAL

PATIENT LOC : C&P-ORTHO
PROCEDURE : PELVIS 1 VIEW
TECHNICIAN : SNYDER,DONNA J
RPT ENTERED : MAY 5,1996 17:45
DTE REPORTED: MAY 3,1996
HOSPITAL LOC: WILMINGTON

Exam Modifiers : None

Clinical History:
R/O NARROWING L/S JOINT, ROP ON DEFECT

Report:
CHATTERJEE 3764 PELVIS: There is no evidence of fracture, dislocation or arthritic changes.

Impression:
No abnormality seen.

Primary Interpreting Staff:
BHARATI V TURAKHIA, B.TURAHKIA M.D. (Verifier)

G

NAME: CHATTERJEE,URMILA
SSN : [redacted]
VAF 10-9034 VICE VAF SF519

VERIFIED DATE: MAY 6,1996 11:23
VERIFIED BY : TURAKHIA,BHARATI V

10-9034 VICE SF 519B RADIOLOGY/NUCLEAR MEDICINE REPORT

NAME : CHATTERJEE,URMILA
SSN : [redacted]
AGE : 30
PHYSICIAN: MAURIELLO,CHARLES A
LAST EXAM: MAY 19,1995 17:05
EXAM DATE: MAY 2,1996 09:24
DIAG CODE: NORMAL

PATIENT LOC : C&P-ORTHO
PROCEDURE : SPINE LUMBOSACRAL MIN 4 VIEWS
TECHNICIAN : SNYDER,DONNA J
RPT ENTERED : MAY 5,1996 17:45
DTE REPORTED: MAY 3,1996
HOSPITAL LOC: WILMINGTON

================================================================

Exam Modifiers ..: None

Clinical History:
R/O NARROWING L/S JOINT, ROP ON DEFECT

Report:
CHATTERJEE 3764 LUMBAR SPINE: There is no evidence of fracture, dislocation or arthritic changes of the lumbar spine. The disc spaces are preserved.

Impression:
No abnormality seen.

Primary Interpreting Staff:
HARATI V TURAKHIA, B.TURAHKIA M.D. (Verifier)

/AWG

NAME: CHATTERJEE,URMILA
SSN : [redacted]
VAF 10-9034 VICE VAF SF519

VERIFIED DATE: MAY 6,1996 11:23
VERIFIED BY : TURAKHIA,BHARATI V

VAF 10-9034 VICE SF 519B RADIOLOGY/NUCLEAR MEDICINE REPORT

**DEPARTMENT OF VETERANS AFFAIRS**
Medical and Regional
Office Center
1601 Kirkwood Highway
Wilmington DE 19805

June 11, 1996

In Reply Refer To: 460/21
CSS [redacted]
CHATT, Urmila

URMILA CHATTERJEE
[redacted]

Dear Mrs. Chatterjee:

Please submit evidence to show continuous existence of your bilateral hip condition, residuals of femur/tibia fracture and leg problems since discharge from military service and showing any residuals that may exist at the present. Also submit copies of treatment records from Dr Chatterjee and Claymont Health Center.

The best evidence would be statements from doctors who treated you during this time. They should show dates of examination or treatment, findings, and diagnoses.

You may also submit statements from others who know or your condition. They should give the date the condition was first noticed, what they saw, and what enabled them to make their observation.

Sincerely yours,

J. A. MATSON
Adjudication Officer

KDD/kdd/211

HLCWB3 7/19/96

OUT/COLOR-CODE................C/O DATE...........SEARCHER..........ADDRESS-CODE 13

| SSAN/SN | NAME | SVC-CODE | REGISTRY-NO. |
|---|---|---|---|
| [redacted] | BANERJEE URMILA | AR A | 9 665 411 |

RUN DATE 06/19/96
RUN TIME 19.22
RUN PAGE 00345
INQ PAGE 00001

***************REQUEST FOR INFORMATION VA FORM 70-3101-4 JUL 1986*****************

FILES

DATE 06-18-96
TYPE-OF-REQUEST ORIGINAL
TYPE-OF-CLAIM DISABILITY

DATA-REQUESTED SERVICE
MEDICAL

VA-INS-NO.
1.NAME CHATTERJEE,URMILA
2.SSAN [redacted]
3.SERVICE-BRANCH ARMY
4.DATE-OF-BIRTH [redacted]
5.PLACE-OF-BIRTH
6.DATE-OF-DEATH

VA-FILE-NO. 142 80 3764

VETERANS ADMINISTRATION (460)
1601 KIRKWOOD HGWY
WILMINGTON DE 19805

ORIGINATING-UNIT ADJUDICATION 0211

| 7. ENT ACT DUTY | 8. SEP ACT DUTY | 9. CHAR | 10.SVC NUMBER | 11. LAST GRADE, RATE, RANK, AND/OR ORGANIZATION | 12.SEP FORM ON FILE |
|---|---|---|---|---|---|
| 06-09-90 | 06-24-91 | HON | 142803764 | E-4 US ARMY | NO |

13.SUBSEQUENT-RES/RET-STATUS NONE 14.TERMINAL-DATE 15.RET-STATUS

16.ALLEGED DISEASE/INJURY 17.TREATMENT-DATES 18.PLACE-OF-TREATMENT 19.TYPE

20.COMPLETE VERIFICATION OF SERVICE.
COPY OF PHYSICAL EXAM AT INDUCTION.
COPY OF PHYSICAL EXAM AT DISCHARGE.

( ) AVAILABLE REQUESTED RECORDS FORWARDED.

( ) ITEMS 1, AND 2 OR 10 (WHICHEVER WAS THE IDENTIFIER) AND 7-9 VERIFIED CORRECT.

(X) ITEMS 1, AND 2 OR 10 (WHICHEVER WAS THE IDENTIFIER) AND 7-9 VERIFIED CORRECT, EXCEPT

All available SMRS enclosed. Vet filed claim at separation at VARO nearest Ft Sam Houston TX.

1. BANERJEE, URMILA

( )

ENCLOSURES ( )X-RAYS ( )CLINICAL RECORDS
( )HEALTH RECORDS ( )DENTAL RECORDS
( )ENTRANCE PHYSICAL ( )MEDICAL RECORDS
( )SEPARATION PHYSICAL ( )OTHER RECORDS

SIGNATURE AND TITLE
NATIONAL PERSONNEL RECORDS CENTER (MPR)
ST. LOUIS, MO 63132

DATE 9/27/96

000124

107

PREPARED 91 MAR 13
PERSONNEL QUALIFICATION RECORD, PART I
VOUCHER NO 4371

SECTION I - PERSONAL DATA

* 1.NAME: BANERJEE [redacted]
* 2.SSN: [redacted]
* 3.VSSSN CODE: V
* 4.MPC/CODE: ENLISTED E
* 5.SEX/CODE: FEMALE F
* 6.RACE/CODE: ASI-MC M
7.DATE OF BIRTH: [redacted]
8.NUMBER DEPENDENTS: 00
9.NO ACMP CSDEP PCS: 00
10.NO ACMP NCSDEP PCS: 00
11.ETH GRP/CODE: OTHER
12.CITZSHP/CODE: NA
13.MRTL STS/CODE: SINGLE
14.REL PREF/CODE: NO-REL-PREF 01
15.SSN-MIL-SPOUSE
16.MIL-PERS-CLASS-AD-SPOUSE:
17.DOD-COMP-AD-SPOUSE:

SECTION II - QUALIFICATION DATA

* 1.GRADE/CODE: PFC3
* 2.DATE OF RANK: 901009
* 3.SVC COMP/CODE: REG R
* 4.PMOS/ASI: 91Q0000
* 5.FIRST-LANG/CODE: NONE YY
* 6.SECD-LANG/CODE: NONE YY
7.
8.
* 9.PULHES: 111121
*10.PHYS CAT CODE: B
11.GT SCORE: 122
12.OJT COMP DATE:
13.MIL EDUC/CODE:
14.CIV EDUC/CODE: COLL GRADN
15.PROMOTION IND:
16.DUAL SVC GRADE/CODE:
17.DUAL SVC COMP/CODE:
18.SMOS/ASI: 00000 00
19.DUTY MOS/ASI: 00000 00
20.BONUS MOS/EFF DATE:
21.PROM/PROG MOS:
22.SP-DY-ASG-PAY-STATS: SDA-NONE
23.SPAY1/SPAY2:
24.IPAY1/IPAY2:
25.SQT MOS:
26.SQT DATE-1:
27.SQT DATE-2:
28.SQT PERCENTAGE: %
29.SQT RATING/CODE:
30.SQT SCORE
31.PROM PTS-C/DATE:
32.PROM PTS-P/DATE:
33.REEN ELIG/INELIG: ELIG-REENLIST 10
34.PER SCTY INV INIT/DATE:
*35.PER SCTY INV COMP/DATE:
*36.FLD DETMD PER SCTY STS: INVALID CODE
37.DPT DETMD PER SCTY STS: INVALID CODE
38.PER RLBTY PGM ASGN STS: NONE
39.PERS SCTY INV INIT STS: INVALID CODE Y
*40.PERS SCTY INV COMP STS: INVALID CODE

SECTION III - UNIT DATA

* 1.UPC: 3VZ7F
* 2.UNIT NAME: W3VZ CO B-187TH TRAINEES
* 3.REPORT DATE: 910212
* 4.ARRIVAL DATE: 910212
* 5.DEPART DATE:
* 6.GAINING UPC:
7.LOSING UPC: 3VSAA
8.REGT AFFIL:
9.REGT HOMEBASE:

SECTION IV - SERVICE DATA

1.PEBD: 901009
2.BASD: 901009
3.ETS: 961008
4.CURR TERM SVC/CODE: 71-83 MONTHS 6
5.DELAY IN SEP/CODE: NONE
6.DATE LAST PCS: 9102
7.DATE OF LAST EER:
8.EER DATE VERIF:
9.DATE OF LAST PHOTO:
10.DATE ELIG AFRM:
11.DATE ELIG GCMDL: 9310
12.FHA ELIG IND: NONE
13.DLOS:
14.DROS/DEROS: N/A
15.AEA/TERM DATE: B
16.LAST CBT TOUR/DATE: NONE Z
17.CURR/LAST FST/CODE: NO PRIOR OS SVC Z
18.TRAVEL STATUS:
19.OVERSEAS PREF/CODE: 1.EUROPE OE 2.HI 15 3.ANDORRA AN
20.CONUS PREF/CODE: CALIFORNIA 06
21.YR MO HIV SRCN TEST LAST ADMIN:

SECTION V - POSITION DATA

1.POSITION NO: 9996
2.POSITION TITLE: TEMPORARY STATUS
4.AUTH MOS/ASI:
5.AUTH GRADE/CODE:
7.RQRD-LANG/CODE:

SECTION VI - LOCAL DATA

DA FORM 2A (01 MAR 86) (ASTERISKS INDICATE WARTIME DATA ELEMENTS)

108

000125

| **Rating Decision** | *Department of Veterans Affairs*<br>*Wilmington Medical and Regional Office Center* | | Page 1<br>10/15/96 |
|---|---|---|---|
| NAME OF VETERAN<br>URMILA CHATTERJEE | VA FILE NUMBER<br>[redacted] | SOCIAL SECURITY NR | POA |

**ISSUE:**

1. Service connection for residuals, stress fracture, left third metatarsal.
2. Whether the claim for service connection for delusional disorder (claimed as depression) is well grounded.
3. Whether the claim for service connection for fractures of left hip, left tibia and femur and pain/swelling in legs is well grounded.

**EVIDENCE:**

Service medical records for the period 5-9-91 to 5-30-91.
VA examination dated 4-29-96 and 5-2-96.
Outpatient treatment reports from Wilmington VA Medical Center.
A letter dated 6-11-96 was sent to the veteran requesting treatment records from Dr Chatterjee and Claymont Health Center. As of this date, no reply to this request for evidence has been received by our office.

**DECISION:**

1. Service connection for residuals, stress fracture, left third metatarsal is granted with an evaluation of 0 percent effective March 29, 1996.
2. The claim for service connection of delusional disorder (claimed as depression) is not well grounded.
3. The claim for service connection of fractures of left hip, left tibia and femur and pain/swelling in legs is not well grounded.

**REASONS AND BASES:**

1. Service connection for residuals, stress fracture, left third metatarsal has been established as directly related to military service. This condition is evaluated as 0 percent disabling from March 29, 1996. A noncompensable evaluation is assigned unless there is objective evidence of painful or limited motion of a major joint or group of minor joints.

The veterans service medical records show a stress fracture of the distal third metatarsal of the left foot in 1991. The VA examination of 5-2-96 showed she was able to heel and toe walk wihtout difficulty. Jogging in place and jumping several times caused no pain. Bilateral pronation was noted on examination of the feet but no pain or tenderness to palpation.

2. The law provides that a person who submits a claim for VA benefits must submit evidence sufficient to justify a belief that the claim is well grounded. A well-grounded claim is a plausible claim, one which has merit on its own, or is capable of substantiation. Such a claim need not be conclusive, but it must be accompanied by evidence which shows that the claimed condition exists and is possibly related to service.

A well grounded claim for service connection requires evidence of a current disability, evidence of incurrence or aggravation of a disease or injury in the service, and evidence of a nexus, or link, between the in-service injury or disease and the current disability. There is no record of treatment in service for delusional disorder (claimed as depression). In order to establish a well-grounded claim, it is necessary to provide evidence

which demonstrates that the claimed condition was incurred in or aggravated by military service. Unless evidence to make the claim well grounded is received within one year from the date of this notification, benefits, if entitlement is established, may not be paid prior to the date of receipt of the evidence.

The veterans service medical records show she underwent a mental evaluation on 5-30-91. This examination found no evidence of mental illness or defect of psychiatric significance.

3. The law provides that a person who submits a claim for VA benefits must submit evidence sufficient to justify a belief that the claim is well grounded. A well-grounded claim is a plausible claim, one which has merit on its own, or is capable of substantiation. Such a claim need not be conclusive, but it must be accompanied by evidence which shows that the claimed condition exists and is possibly related to service.

A well grounded claim for service connection requires evidence of a current disability, evidence of incurrence or aggravation of a disease or injury in the service, and evidence of a nexus, or link, between the in-service injury or disease and the current disability. There is no record of fractures of left hip, left tibia and femur and pain/swelling in legs showing a chronic disability subject to service connection. In order to establish a well-grounded claim, it is necessary to provide evidence which demonstrates the existence of the claimed condition and its possible relationship to service. Unless evidence to make the claim well grounded is received within one year from the date of this notification, benefits, if entitlement is established, may not be paid prior to the date of receipt of the evidence.

| **Rating Decision** | *Department of Veterans Affairs* *Wilmington Medical and Regional Office Center* | | Page 1 09/17/1999 |
|---|---|---|---|
| NAME OF VETERAN: URMILA BANERJEE | VA FILE NUMBER: [redacted] | SOCIAL SECURITY NR: [redacted] | POA: American Legion |

**ISSUE:**

1. Service connection for paranoid schizophrenia.
2. Service connection for stress changes, tibias (claimed as stress fractures).
3. New and material evidence to reopen claim for left hip and femur.

**EVIDENCE:**

VA examinations dated 5/18/99 and 5/27/99
Outpatient treatment reports from Wilmington VAMC
Statement from P. Banerjee
Dr. S. J. Rodgers
Service medical records for the period 10/90 to 6/91

**DECISION:**

1. Service connection for paranoid schizophrenia is granted with an evaluation of 70 percent effective June 16, 1998.
2. Service connection for stress changes, tibias (claimed as stress fractures) is denied.
3. New and material evidence adequate to reopen the claim for left hip and femur has not been submitted.

**REASONS AND BASES:**

1. Service connection may be granted for specific diseases or conditions which are presumed to have been caused by service if manifested to a compensable degree following military discharge. Although not shown in service, service connection for paranoid schizophrenia has been granted on the basis of presumption. This condition is evaluated as 70 percent disabling from June 16, 1998. An evaluation of 70 percent is assigned for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships. A higher evaluation of 100 percent is not warranted unless there is total occupational and social impairment due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Since there is a likelihood of improvement, the assigned evaluation is not considered permanent and is subject to a future review examination.

| **Rating Decision** | *Department of Veterans Affairs* *Wilmington Medical and Regional Office Center* | | | Page 2 09/17/1999 |
|---|---|---|---|---|
| NAME OF VETERAN URMILA BANERJEE | VA FILE NUMBER [redacted] | SOCIAL SECURITY NR | | POA American Legion |

Claim for PTSD due to sexual trauma was initiated but no such diagnosis has been made. This condition is denied herein. The above denial of schizophrenia is under appellate review as disability was not shown in service. However, the condition was diagnosed to a compensable degree within one year of discharge. Outpatient treatment report from Wilmington VAMC of 6/26/91 made the diagnosis. She was seen 8-10/91 and has been treated continuously since. She was hospitalized at our Salem, VA facility 11/18 to 11/24/97 and began treatment here again 6/98. Lay statement from P. Banerjee, her sister, reviews veteran's history and problem with nerves. Dr. S. J. Rodgers' statement of 5/24/99 also mentions her psychiatric history.

VA examination dated 5/27/99 finds the veteran was married in a pre-arranged marriage, by her parents, to an East Indian doctor. This marriage ended only one year later when her husband hit her and her parents. The veteran reflects back on this year and wonders if she was "crazy" and drove her husband away. During that year she recalls being very unaffectionate and frigid. She currently resides with her parents. She is well-educated and holds a BA degree in Psychology from the University of Delaware and a Masters in Clinical Psychology from West Chester University. Since 1991 she has held numerous jobs for only a short period of time in mostly a sales or clerical or customer rep capacity. She said that she was always fired after a few weeks or months because she was slow, unable to meet job requirements or unable to deal properly with customers. She found each job to be extremely stressful and the stress would often lead to a "fever". She stated that she was unaware that she was having problems interacting with customers. One of her most recent jobs was at the Happy Harry's drug store, which only lasted three weeks because of interpersonal problems. Since 3/3/99 she has worked for Delaware Micrographics doing preparation, scanning, indexing and microfilming documents. She is uncertain as to how long this job will last because she is struggling to get up in the morning to go to work. She is tired and frustrated by having so many jobs since 1991 and would like to get well emotionally and find employment that is satisfying and that uses her extensive education. The veteran complained that she easily forgets things and is easily startled by loud and sudden noises. She alternates between difficulty getting to sleep and sleeping excessively. She finds herself feeling angry when she recalls all of the sexual harassment she endured in the Army. She may experience sudden outbursts of anger at work, or go into a crying spell. She often feels that her harasser in the military continues to make trouble for her and that even her mother is trying to poison her. On one occasion she claims to have seen the Hindu god in front of her, but most often he is telling her what to do through a voice in her head. The veteran complained that she has started taking some swim lessons because she felt that it would be good for her legs. She becomes so tired that she wonders if it is really worth it. She denied having any friends and reported that when not working, she tries to help her parents out by working in the garden, cooking or helping with other routine household chores. The veteran drove herself to the interview after working a half-day at her new job. She is a short East Indian female who is moderately obese. She was attired neatly and well-groomed. She wore glasses throughout the interview and she had earrings in both ears. She also wore a ring on the middle finger of her left hand. She was considerably anxious during the interview and often quite intense. Her speech was clear and, at times, loud. She was articulate and she appeared to possess above average intelligence. Her concentration was good, but there was some noticeable impairment of both short and long term memory when her anxiety increased. Insight is considered good.

| **Rating Decision** | *Department of Veterans Affairs* *Wilmington Medical and Regional Office Center* | | Page 3 09/17/1999 |
|---|---|---|---|
| NAME OF VETERAN URMILA BANERJEE | VA FILE NUMBER [redacted] | SOCIAL SECURITY NR | POA American Legion |

Judgement fair. She was able to perform serial 7s and abstract reasoning ability was adequate. She exhibited paranoid delusions and she has active auditory hallucinations. The veteran is competent to manage her affairs. Diagnosed is schizophrenia, paranoid-type, chronic and severe. GAF is 40. She continues to be paranoid and occasionally experiences auditory hallucinations. She was married and divorced after only one year. She denies having any friends. She has held numerous jobs, but only for short periods since her military discharge in 1991. She is frequently fired because she is a slow worker, unable to satisfy job requirements, and interpersonal difficulties. She is angry and frustrated and fearful of the future. Clearly she is able to obtain employment, but it is doubtful in her present state that she will ever be able to sustain gainful employment. She was strongly encouraged to continue her psychiatric care through the MHC. This action fully satisfies the current appeal for schizophrenia and it is removed from appellate action.

2. The law provides that a person who submits a claim for VA benefits must submit evidence sufficient to justify a belief that the claim is well grounded. A well-grounded claim is a plausible claim, one which has merit on its own, or is capable of substantiation. Such a claim need not be conclusive, but it must be accompanied by evidence which shows that the claimed condition exists and is possibly related to service.

A well-grounded claim for service connection requires evidence of a current disability, evidence of incurrence or aggravation of a disease or injury in service, and evidence of a nexus, or link, between the in-service injury or disease and the current disability. Although there is a record of treatment in service for stress related changes, tibias, no permanent residual currently exists.

Rating of 10/15/96 denied left tibia fracture. Service medical records for the period 10/90 to 6/91 include bone scan of 5/22/91 noting stress related changes of tibias. Separation exam of 5/30/91 noted multiple skeletal pains due to stress. Dr. S. J. Rodgers' evaluation of 5/24/99 found pre-tibial tenderness with normal gait. Deep tendon reflexes of lower extremities +1 and symmetrical, no atrophy with full range of motion. He indicated tibial stress fractures. No imaging studies were performed. Examiner states he reviewed SMR's but which are unknown. Contents of the SMR's are limited to the two pieces of evidence mentioned above.

VA examination of 5/18/99 finds no evidence of any residual of any stress fractures in any of the x-rays reviewed, or in the reports of the previous x-rays. The physical findings on exam show essentially normal motion with no significant discomfort on motion, therefore, there is no objective evidence to support the degree of pain complaint present. Therefore the functional impairment would be relatively mild, at most. 6/15/99 - A bone scan was done on 6/9/99 to assess the status of the left proximal femur which showed increased uptake on a bone scan done 5/9/96. The present scan no longer showed that increased uptake or any other abnormality

3. In order to reopen a claim, new and material evidence must be presented. New and material evidence means evidence not previously submitted to agency decisionmakers which bears directly and substantially upon the specific matter under consideration, which is neither cumulative nor redundant, and which by itself or in connection with evidence previously assembled is so significant that it must be considered in order to

| Rating Decision | *Department of Veterans Affairs*<br>*Wilmington Medical and Regional Office Center* | Page 4<br>09/17/1999 |
|---|---|---|

| NAME OF VETERAN | VA FILE NUMBER | SOCIAL SECURITY NR | POA |
|---|---|---|---|
| URMILA BANERJEE | [redacted] | [redacted] | American Legion |

fairly decide the merits of the claim. The evidence submitted in connection with the current claim does not constitute new and material evidence because although new it is not directly relevant to the issue considered.

Dr. S. J. Rodgers statement of 5/24/99 makes no mention of the conditions at issue.

| **Rating Decision** | *Department of Veterans Affairs* *Wilmington Medical and Regional Office Center* | | Page 5 09/17/1999 |
|---|---|---|---|
| NAME OF VETERAN URMILA BANERJEE | VA FILE NUMBER [redacted] | SOCIAL SECURITY NR | POA American Legion |

| ACTIVE DUTY *(Month/Day/Year)* | | | | ADDITIONAL SERVICE CODE | COMBAT STATUS | SPECIAL PROVISION CODE | FUTURE EXAM *(Month/Year)* |
|---|---|---|---|---|---|---|---|
| EOD | RAD | EOD | RAD | | | | 0901 |

| COPY TO: | | EFFECTIVE DATE | BASIC | HOSPITAL | LOSS OF USE | ANAT. LOSS | OTHER LOSS |
|---|---|---|---|---|---|---|---|
| ALG | S | | | | | | |
| | M | | | | | | |
| | C | | | | | | |

**JURISDICTION**: 020;2 New claim received 3/31/99

1. SC

9203 PARANOID SCHIZOPHRENIA
70% from 06-16-98 (GW PRES)

5015 RESIDUALS, STRESS FRACTURE, LEFT 3RD METATARSAL
0% from 3-29-96 (GW INC)
10% from 6-16-98

8. NSC (GW)
5262 0% STRESS FRACTURES, TIBIAS (Not found last exam)
9208 0% DELUSIONAL DISORDER
9411 0% PTSD
5099 0% FRACTURES; LEFT HIP, FEMURS, PAIN/SWELLING IN LEGS

2. PT (GW) from 1-4-99

COMB SC: 0% from 3-29-96
70% from 6-16-98

COMB NSC: 70%

000132

IN RE URMILA BANERJEE

NOTICE OF DISAGREEMENT

1. I disagree with the portion of your rating decision of 27 October 1999 relating to stress fractures and residuals as follows:

a. I disagree with your finding that the residuals of my stress fractures of both tibias are not service connected because I am entitled to the benefit of the doubt with regard to my continual problems. My fractures during service are documented by my service medical records and you have been given Dr. Rodgers' medical evaluation that found a connection between my current disability and my service stress fractures.

b. With regard to showing service connection for my hip and femur, you also have in Dr. Rodgers' report evidence showing that my current pain in this region is related to my earlier stress fractures and is a common sequalae to my earlier stress fractures, which you have previously rated as 10% disabling.

2. I also disagree with your effective date for my mental condition because within one year of my release from active duty my condition was made manifest and I was treated for this condition by the Department of Veterans Affairs Medical Center in Elsmere within one year of my release from active duty. I believe I am entitled to a much earlier effective date relating back to my date of discharge. See 38 C.F.R. §3.400.

Therefore I am disagreeing with the 2nd and 3rd parts of your rating decision. Please send me a Supplemental Statement of the Case and a Form 9 at your earliest convenience.

| **Rating Decision** | *Department of Veterans Affairs*<br>*Wilmington Medical and Regional Office Center* | | Page 3<br>10/15/96 |
|---|---|---|---|
| NAME OF VETERAN<br>URMILA CHATTERJEE | VA FILE NUMBER<br>[redacted] | SOCIAL SECURITY NR | POA |

| ACTIVE DUTY *(Month/Day/Year)* | | | | ADDITIONAL SERVICE CODE | COMBAT STATUS | SPECIAL PROVISION CODE | FUTURE EXAM *(Month/Year)* |
|---|---|---|---|---|---|---|---|
| EOD | RAD | EOD | RAD | | | | |
| 10-09-90 | 06-24-91 | | | | 1 | | None |

| COPY TO: | | EFFECTIVE DATE | BASIC | HOSPITAL | LOSS OF USE | ANAT. LOSS | OTHER LOSS |
|---|---|---|---|---|---|---|---|
| | S | | | | | | |
| | M | | | | | | |
| | C | | | | | | |

**JURISDICTION:** Original disability claim received 3-29-96

1. SC (PTE INC)

5015 RESIDUALS, STRESS FRACTURE, LEFT THIRD METATARSAL
0% from 03-29-96

8. NSC (PTE)

9899 DELUSIONAL DISORDER (CLAIMED AS DEPRESSION) (NWG)
9899 FRACTURES OF LEFT HIP, LEFT TIBIA AND FEMUR AND PAIN/SWELLING IN LEGS (NWG)

SQC initials 11-6-96 date

K D DAVIS
Rating Specialist 460

A. E. SMITH, Chairman
Rating Specialist 460

RJEE3764.RTG