IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| URMILA BANERJEE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 06-829C |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, IN PART, AND FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR JUDGMENT ON THE RECORD**

Defendant, the United States, respectfully submits this reply to plaintiff Urmila Banerjee's May 10, 2007 opposition to its April 27, 2007 motion to dismiss, in part, and for judgment upon the administrative record. Furthermore, we respectfully request that the Court deny plaintiff's cross-motion for judgment on the record.

In our opening brief, we demonstrated that this Court should dismiss Counts I and II of the complaint for lack of subject matter jurisdiction. We further demonstrated that the Court should enter judgment upon the administrative record in favor of the United States because the decision of the Army Board for Correction of Military Records ("ABCMR") denying plaintiff's application for military disability retirement benefits was supported by substantial evidence, and is therefore not arbitrary, capricious, or contrary to law. The ABCMR properly concluded that Ms. Banerjee did not satisfy the criteria for unfitness for military service at the time of discharge, and all appropriate procedures were followed in evaluating her claim for disability retirement. The ABCMR conducted a detailed review of all of Ms. Banerjee's records, and correctly concluded that there was no basis for determining that Ms. Banerjee had a medically unfitting disability that required physical disability processing at the time of her separation. The

Department of Veterans Affairs ("VA") disability determinations do not demonstrate any error or injustice on the part of the Army. Accordingly, the ABCMR did not err as a matter of law and the Court should affirm the ABCMR's denial of relief.

## ARGUMENT[1]

I. This Court Should Dismiss Counts I And II For Lack Of Subject Matter Jurisdiction

As stated in our opening brief, Count III of Ms. Banerjee's complaint properly relies upon the Tucker Act[2] as the basis for subject matter jurisdiction, with 10 U.S.C. § 1201 as the proper money-mandating statute. Def. Br. at 7-8 (citing Compl. at 1, ¶ 2; Neuren v. United States, 41 Fed. Cl. 422, 425-26 (1998)).

In response to our argument that this Court lacks subject matter jurisdiction over Counts I and II, Ms. Banerjee asserts that Counts I and II are merely "proceedings for ancillary relief under 28 U.S.C. § 1491(a)(2)," and were not cited for jurisdictional purposes. Pl. Reply 8-9. Ms. Banerjee states that she "would be content if the Court struck all reference to 5 U.S.C. § 701 et seq. and to the declaratory judgment act from Counts I and II of her complaint as surplusage so long as it was understood that the Court had the broad power to grant specific non-cash relief

---

[1] "AR" refers to the administrative record. "Compl." refers to plaintiff's complaint. "Compl. Ex." refers to the exhibit to plaintiff's complaint. "Def. Br." refers to defendant's Motion to Dismiss, in Part, and for Judgment on the Administrative Record. "Pl. Reply" refers to Plaintiff's Reply to Defendant's Motion to Dismiss and Motion For Judgment on the Record and Cross-Motion for Judgment on the Record. "Pl. Reply. Ex." refers to the exhibit to Plaintiff's Reply to Defendant's Motion to Dismiss and Motion For Judgment on the Record and Cross-Motion for Judgment on the Record.

[2] As in her complaint, Ms. Banerjee improperly cites to the Little Tucker Act, 28 U.S.C. § 1346, in her reply. See, e.g., Pl. Reply at 2. However, as we did in our opening brief, we will assume, for purposes of this reply, that Ms. Banerjee means to cite the Tucker Act, 28 U.S.C. § 1491.

to her." We do not dispute Ms. Banerjee's assertion that this Court has the power to remand this case to the ABCMR and/or order correction of her military records, pursuant to 28 U.S.C. § 1491(a)(2).[3] Accordingly, this Court should dismiss Counts I and II, with the understanding that if Ms. Banerjeee were to prevail on Count III, the Court would have the discretion to remand this case and/or order a correction of Ms. Banerjee's military records.

Ms. Banerjee's reply does not address our argument that 10 U.S.C. § 1552 is not a money-mandating statute in this case. Thus, based upon the arguments made in our opening brief, see Def. Br. at 9, we respectfully request that this Court hold that it lacks subject matter jurisdiction over Ms. Banerjee's claims pursuant to 10 U.S.C. § 1552.

## II. The Court Should Grant Judgment Upon The Administrative Record As To Count III

### A. The ABCMR's Decision Denying Ms. Banerjee's Mental Disability Claim Is Supported By Substantial Evidence

Ms. Banerjee has failed to meet her considerable burden to present "cogent and convincing evidence" that the ABCMR's decision regarding schizophrenia was in error. See Dorl v. United States, 200 Ct. Cl. 626, 633 (1973). Although Ms. Banerjee claims her argument "is not simply a disagreement about the weight and substance of the evidence," (Pl. Reply at 17), that is in fact the essence of her argument. This Court's responsibility is not to sit as a "super-correction board" and re-weigh the evidence, but rather to affirm the ABCMR if its action was supported by substantial evidence and was reasonable in light of all the evidence presented. See Van Cleave v. United States, 70 Fed. Cl. 674, 678-79 (2006).

Ms. Banerjee first argues that there is evidence that she was mentally disabled during her

[3] As set forth below, this power should not be exercised in this case because Ms. Banerjee has not shown that remand or a correction of military records is required.

service. Specifically, she alleges that she "had some type of mental breakdown when she was stationed at Fort Sam Houston involving her company commander and her fellow soldiers." Pl. Reply at 14. She further avers that she "had a psychotic episode during military service provoked by sexual harassment by her fellow soldiers." Pl. Reply at 16. These allegations are not supported by the record that was presented to the ABCMR and therefore should not be considered as grounds to find the ABCMR's determination arbitrary, capricious, or unsupported by substantial evidence.[4] Furthermore, even if these allegations are substantiated, they do not mean that the ABCMR's decision was unreasonable, because they are not necessarily evidence that Ms. Banerjee's condition was unfitting at the time of discharge. Ms. Banerjee also alleges that "she was extremely depressed, fearful and in emotional turmoil." Pl. Reply at 15-16. While this allegation can be found in the record, AR 20, it also does not support Ms. Banerjee's assertion that the ABCMR's decision was unreasonable, because it also does not necessarily mean that Ms. Banerjee's condition was unfitting at the time of discharge.

Ms. Banerjee further argues that Major Brannen's report "did not state that Ms. Banerjee had no mental disease or disorder." Pl. Reply at 15. Contrary to Ms. Banerjee's implication, a servicemember is not presumed medically unfit unless found to have "no mental disease or disorder." A servicemember is only entitled to disability retirement if the disability renders her unfit for military service at the time of separation. See 10 U.S.C. § 1201; Cole v. United States, 32 Fed. Cl. 797, 803 (1995). Major Brannen's report did find there was "no evidence of a mental disease or defect of psychiatric significance or of sufficient severity to warrant

[4] Ms. Banerjee provides no cite to the record for these two assertions, nor do we find support for them in the record.

disposition through medical channels." AR 64. This report constitutes substantial evidence that Ms. Banerjee was not suffering from an unfitting condition at the time of discharge. As set forth in our opening brief, the examining physician's opinion should be given deference, as he was in the best position to determine her fitness at the time of separation. Def. Br. at 13.

Next, Ms. Banerjee asserts that Major Brannen's report is "inconsistent with the findings of two other psychotherapists who saw Ms. Banerjee within two months after her discharge from the Army." Pl. Reply at 15. As set forth in our opening brief, Major Brannen's report is not inconsistent because Ms. Banerjee was not diagnosed with schizophrenia on July 26, 1991 and was merely diagnosed with "Incipient Schizophrenic decompensation" on August 15, 1991. AR 89-90. The characterization "incipient" indicated that Ms. Banerjee's schizophrenia was only beginning to reveal itself after her discharge from the Army. Such a diagnosis is not evidence that Ms. Banerjee was mentally unfit for service at the time of her discharge. See, e.g., Black v. United States, 28 Fed. Cl. 177 (1993) (upholding the Government's denial of disability retirement request by a servicemember diagnosed with a "paranoid personality," even though the servicemember had been "provisionally diagnosed" as suffering from "suspected paranoid schizophrenia" while still on active duty).

Ms. Banerjee also argues she is "presumed to be physically and mentally sound prior to entering military service, except for disabilities noted at the time of her pre-enlistment physical examination." Pl. Reply at 16. She asserts that "[a]ny disease discovered after Ms. Banerjee entered the Army is presumed not to be due to her own misconduct and incurred in line of duty." Id. (citing Army Reg. 645-40, ¶ 3-1(a)). Ms. Banerjee confuses a presumption regarding disabilities arising during service with a presumption regarding all disabilities arising after

enlistment, including after discharge. The presumption is that any disease arising during service is service-connected. The presumption does not mean that any disease arising after enlistment, including after discharge from service, is presumed to be service-connected. In fact, the presumption has nothing to do with Ms. Banerjee's case, in which the disease arose after discharge from service. As stated above, a servicemember is only entitled to disability retirement if she incurs a disability during active military service that renders her unfit for military service at the time of separation. See 10 U.S.C. § 1201 (requiring the disability to be "incurred while entitled to basic pay"); Cole, 32 Fed. Cl. at 803.

Ms. Banerjee argues that Army Regulation 40-501 provides that any servicemember with "[C]urrent . . . disorders with psychotic features such as schizophrenia . . . is unfit for military service." Pl. Reply at 17 (citing Army Reg. 40-501, ¶ 2-27). However, the evidence presented by Ms. Banerjee that she was diagnosed with schizophrenia after discharge is not evidence that she had a "current" disorder that was unfitting during military service, and therefore does not contradict the ABCMR's determination.

Ms. Banerjee argues the ABCMR was in error because it had before it "copious medical and psychiatric reports from VA psychiatrists and psychologists diagnosing Ms. Banerjee's condition and placing it[s] origin during her military service." Pl. Reply at 17. Ms. Banerjee's reliance on "copious" VA reports is misplaced, because those reports do not contradict the ABCMR's determination that Ms. Banerjee was not unfit for service at the time of her discharge. The VA expressly determined that "the requirements for service connection were not met while veteran was in service." Compl. Ex. B at 14. Furthermore, Ms. Banerjee fails to address the fact that the VA's finding of a service connection is not binding on the Army and was based upon

presumptions that apply only to the VA. Def. Br. at 17 (citing 38 C.F.R. § 3.400(b)(2)(ii) (2004)).

B. The ABCMR's Denial of Ms. Banerjee's Claims For Compensation For Stress Fractures Is Supported By Substantial Evidence

Similarly, Ms. Banerjee has failed to meet her considerable burden by presenting "cogent and convincing evidence" that the ABCMR's decision regarding stress fractures was in error. See Dorl v. United States, 200 Ct. Cl. 626, 633 (1973). As with her schizophrenia claim, although Ms. Banerjee claims her argument "is not simply a disagreement about the weight and substance of the evidence," (Pl. Reply at 17), that is the essence of her argument. She fails to identify facts or evidence in the administrative record that were not considered by the ABCMR regarding her stress fractures. Ms. Banerjee quotes from the current version of Army Regulation 40-501,[5] regarding fractures, but does not indicate how either the Army or the ABCMR failed to properly apply this standard. Pl. Reply at 17. Although the doctor who conducted the medical examination upon which the ABCMR relied (AR 3, 5) noted the existence of stress fractures, he determined they were not sufficient to qualify as unfitting. AR 49. Given the deference owed to the medical officers who actually conducted the examination at the time of discharge, it would be inappropriate for this Court to re-weigh that evidence. See Bernard v. United States, 59 Fed. Cl. 497, 501 (2004).

Furthermore, as noted in our opening brief, even the VA determination, although not

---

[5] Ms. Banerjee is relying on the wrong version of Army Regulation 40-501, as the current version did not come into effect until January 18, 2007. Pl. Reply. Ex. Nevertheless, this error does not result in any substantive harm, as the standard for fractures in effect at the time of Ms. Banerjee's discharge regarding fractures reads the same in both the July 1, 1987, and the January 18, 2007 versions of Army Regulation 40-501.

binding on the Army, found there was a zero percent rating for stress fractures at the time of discharge. Def. Brief at 18. The fact that the VA may have determined that plaintiff's stress fractures later developed into a more serious condition is not evidence that the stress fractures were unfitting at the time of discharge. See Cole v. United States, 32 Fed. Cl. 797 (1995) (providing that incipient conditions at the time of discharge that eventually result in a disabling condition is not a sufficient basis for medical retirement).

The Army doctors who examined Ms. Banerjee at the time of her discharge were in the best position to determine her fitness at that time. Accordingly, their determinations represent substantial evidence. The ABCMR properly relied on those medical examinations as evidence that Ms. Banerjee was not unfit for duty at the time of her discharge. Ms. Banerjee only argues that evidence provided by Ms. Banerjee to the ABCMR should have been given a greater weight by the ABCMR. See Pl. Reply at 17. As noted above, when substantial evidence supports the ABCMR's action, and when that action is reasonable in light of all the evidence presented, the Court should not disturb the result. Van Cleave v. United States, 70 Fed. Cl. 674, 678-79 (2006).

**CONCLUSION**

For the foregoing reasons, and the reasons stated in our opening brief, defendants' motion to dismiss, in part, and for judgment upon the administrative record should be granted and plaintiff's cross-motion denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ BRYANT G. SNEE
BRYANT G. SNEE
Deputy Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

OF COUNSEL:

MAJOR JERRETT DUNLAP
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203

May 17, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2007 a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, IN PART, AND FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR JUDGMENT ON THE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/MEREDYTH D. COHEN